IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW MYERS, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 20-5725 |
| | : | |
| WALMART STORE # 2528, | : | |
|     Defendant. | : | |

**March 7, 2022**                                                                                          **Anita B. Brody, J.**

**MEMORANDUM**

Plaintiff Matthew Myers brings suit against Defendant Walmart Store #2528 ("Walmart"), alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §951 *et seq*. I exercise federal question jurisdiction over Myers' ADA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Myers' PHRA claim pursuant to 28 U.S.C. § 1367. Walmart moves to dismiss Myers' Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Because Myers has repeatedly failed to comply with court orders and discovery, I will grant Walmart's motion.

**I. BACKGROUND**

    **A. Factual Background**[1]

In August 2017, Myers, who has autism, began working for Walmart. Compl. ¶¶ 14-15. Myers worked as a cashier and then Walmart transferred him to the position of cart pusher. *Id.* ¶¶

---

[1] One factor to consider when deciding whether to grant a motion to dismiss for lack of prosecution is the meritoriousness of the claims. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* at 869-70. All facts are taken from the Complaint because a court determines whether a plaintiff's claims are meritorious based on the allegations in a plaintiff's complaint.

19, 21. Although the cart pusher position required at least two people to perform the job, Walmart regularly scheduled Myers to work alone. *Id.* ¶¶ 22-23. Because Myer's did not have help, his workload was unmanageable, which caused Myers to get frustrated and have minor outbursts due to his autism. *Id.* ¶ 24.  Walmart was aware of Myer's autism. *Id.* ¶ 17. To avoid the frustration and outbursts caused by his autism, Myers requested that Walmart accommodate him by assigning an additional person to assist him as a cart pusher or by transferring him to a different position. *Id.* ¶ 26, 28.  Walmart denied his requests for accommodation. *Id.* ¶¶ 27, 30.

On May 8, 2019, Walmart assigned Myers to work alone as a cart pusher. *Id.* ¶ 31. Once again, Myers became frustrated and suffered another outburst caused by his autism. *Id.* ¶ 32. Walmart fired Myers later that same day. *Id.* ¶ 33. As a result, Myers initiated the current litigation.

### B. Procedural Background

On November 16, 2020, Myers filed suit against Walmart. ECF No. 1.  On February 5, 2021, the Court issued a notice for a pretrial scheduling conference on March 17, 2021. ECF No. 7. To enable the Court to evaluate the case for settlement purposes, the notice required Plaintiff's counsel to make a settlement demand on opposing counsel no later than five days prior to the conference and required Defendant's counsel to respond no later than one day prior to the conference. *Id.* Additionally, the notice required all counsel to "arrive at the conference with settlement authority from the client and arrange for the client to be available by telephone for the duration of the conference." *Id.*

On March 17, 2021, the Court held a pretrial scheduling conference.  At the conference, Plaintiff's counsel informed the Court that he had lost contact with Myers.  Thus, he had been unable to make a settlement demand on opposing counsel. Plaintiff's counsel also did not have

settlement authority from Myers who was not available by telephone during the conference. As a result, the Court gave Plaintiff's counsel additional time to reach Myers and scheduled a settlement conference for April 8, 2021. ECF No. 12. The Court also entered a scheduling order with a deadline for all discovery to be completed on or before July 15, 2021. ECF No. 13.

On April 8, 2021, prior to the start of the settlement conference, Plaintiff's counsel emailed the Court to request a continuance of the conference because he was still unable to reach Myers. ECF No. 19-2  Plaintiff's counsel explained, "I have not spoken to [Myers] since shortly after the complaint was filed. Letters, calls, and emails have gone unanswered. . . . I do not have settlement authority and won't be able to actively participate in today's conference." *Id*. The Court conducted the conference and ordered Plaintiff's counsel to notify the Court on or before April 30, 2021 whether he had made contact with Myers. ECF No. 16.

On April 30, 2021, Plaintiff's counsel notified the Court that he had "diligently attempted to communicate with . . . Myers," but was still unable to reach him. ECF No. 17. Plaintiff's counsel requested additional time to attempt to communicate with Myers. *Id.* The Court granted Plaintiff's counsel's request for additional time to reach Myers and ordered Plaintiff's counsel to notify the Court on or before May 31, 2021 whether he had made contact with Myers. ECF No. 18.  The Court further stated, "If Plaintiff's counsel is still unable to contact his client, he is ordered to show cause on or before June 14, 2021 why the case should not be dismissed." *Id.*

On June 7, 2021, Walmart filed the pending motion to dismiss the Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 19.

On June 14, 2021, Plaintiff's counsel informed the Court that he had sent a copy of the motion to dismiss to Myers via certified mail and that he was awaiting a response. ECF No. 20. Plaintiff's counsel also requested another extension to respond to the Court's order to show cause

3

why the case should not be dismissed and an extension to respond to Walmart's pending motion to dismiss. *Id.* The Court granted the request and ordered Plaintiff to respond to the Court's order to show cause and Walmart's motion to dismiss on or before June 28, 2021. ECF No. 21.

On July 6, 2021, Plaintiff's counsel informed the Court that "[d]espite this office's continued best efforts, we are still unable to locate Mr. Myers. Accordingly, I will subsequently file a motion to withdraw as counsel." ECF No. 22. Despite the July 15, 2021 deadline for all discovery, the parties failed to complete discovery because Myers did not respond to any discovery requests.

On July 26, 2021, Plaintiff's counsel filed a motion to withdraw as counsel. ECF No. 23. Plaintiff's counsel explained that he "has continued to make numerous attempts to contact [Myers], to no avail. Plaintiff's counsel is unable to locate [Myers], and [Myers] has not communicated with Plaintiff's counsel for several months now." *Id.* Plaintiff's counsel requested to withdraw representation because of "an irretrievable breakdown in communications" with Myers. *Id.*

On September 13, 2021, the Court entered an order placing the case in suspense until February 1, 2022 "to provide Plaintiff with additional time to communicate with his counsel." ECF No. 25. The Order instructed: "If Plaintiff communicates with his counsel prior to February 1, 2022, Plaintiff's counsel must notify the Court within seven days of that communication." The Court has received no notification that Plaintiff has communicated with his counsel.

## II. DISCUSSION

"A defendant may move to dismiss a claim against him where 'the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order.'" *Hildebrand v. Allegheny Cty.,* 923 F.3d 128, 131-32 (3d Cir. 2019) (quoting Fed. R. Civ. P.

4

41(b)). In *Poulis v. State Farm Fire and Casualty Co.*, the Third Circuit set out the following six factors that a district court must balance to determine whether to dismiss a case for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). "None of the *Poulis* factors is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand*, 923 F.3d at 132. "Dismissals with prejudice . . . are drastic sanctions." *Poulis*, 747 F.2d at 867. "If the case is close, 'doubts should be resolved in favor of reaching a decision on the merits.'" *Hildebrand*, 923 F.3d at 132 (quoting *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)).

### A. Evaluation of the *Poulis* Factors

#### 1. The extent of the party's personal responsibility

The first factor—the extent of the party's personal responsibility—weighs in favor of dismissal. "[I]n determining whether dismissal is appropriate, [a court] look[s] to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Adams*, 29 F.3d at 873. It is appropriate to hold a plaintiff personally responsible for dismissal when the "failure to comply with [court] orders could not be blamed on counsel." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

Plaintiff's counsel cannot be blamed for the failure to prosecute this case. Plaintiff's counsel has appeared at scheduled conferences, even though he has been unable to reach Myers. He has diligently sought to communicate with Myers via phone, email, and even certified mail.

5

On several occasions, Plaintiff's counsel has requested continuances in order to make further attempts to contact Myers and to move this action along. Plaintiff's counsel has been unable to meaningfully participate in this litigation, however, because he cannot reach his client—Myers. This lack of communication has made it impossible for Plaintiff's counsel to respond to discovery requests, engage in settlement negotiations, or comply with all court orders. Myers is solely responsible for his failure to prosecute this case. Despite Plaintiff's counsel's best efforts, Myers has failed to communicate with his attorney or participate in the proceedings throughout this litigation. As a result, this factor weighs in favor of dismissal.

### 2. Prejudice to the other parties

The second factor—prejudice to the other parties—weighs in favor of dismissal. "Evidence of prejudice to an adversary 'would bear substantial weight in support of a dismissal . . . .'" *Adams*, 29 F.3d at 873–74 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Prejudice "includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Id.* at 874; *see also Poulis*, 747 F.2d at 868 (finding prejudice when "interrogatories were never answered nor were objections filed; defense counsel was obliged to file a motion to compel answers, and was obliged to file its pretrial statement without the opportunity to review plaintiffs' pretrial statement which was due to be filed first"). "It also includes 'the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy.'" *Briscoe*, 538 F.3d at 259 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). "Prejudice need not be 'irremediable harm that could not be alleviated by [the] court's reopening discovery and postponing trial.'" *Adams*, 29 F.3d at 874 (quoting *Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 693 (3d Cir. 1988)).

Myers' complete lack of communication has resulted in additional costs for Walmart such as preparing and attending a settlement conference when settlement could not occur due to Myers' absence and preparing this motion. More importantly, Myers' failure to communicate with Plaintiff's counsel and the Court has deprived Walmart of the discovery necessary to effectively prepare for trial and to defend against this litigation. Therefore, the second factor weighs in favor of dismissal because Myers' conduct prejudices Walmart's ability to bring the lawsuit to resolution.

### 3. History of dilatoriness

The third factor—history of dilatoriness—weighs in favor of dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261. "Furthermore, a party's problematic acts must be evaluated in light of its behavior over the life of the case." *Adams*, 29 F.3d at 875.

Myers' failure to communicate with both Plaintiff's counsel and the Court resulted in a failure to comply with several Court orders, a failure to engage in discovery, and a history of dilatoriness. Because Myers was unreachable, Plaintiff's counsel was unable to make a settlement demand prior to the pretrial scheduling conference as required by Court order. Moreover, Myers blatantly disregarded Court orders to be available during both the March 17, 2021 pretrial scheduling conference and the April 8, 2021 settlement conference. Thus, the parties were unable to engage in any settlement discussions.

In addition, Myers' lack of communication forced Plaintiffs' counsel to seek multiple continuances to Court orders because he was unable to establish contact with his client by the

7

April 30, 2021, May 31, 2021, June 14, 2021, and June 28, 2021 deadlines set by this Court. Furthermore, as a result of Myers' absence, Plaintiff's counsel was unable to timely respond to Walmart's motion to dismiss for lack of prosecution. Lastly, Myers failed to respond to any discovery requests, which made it impossible for the parties to complete discovery by the July 15, 2021 deadline. Viewing the record as a whole, Myers' repeated, dilatory conduct weighs in favor of dismissal.

### 4. Willfulness or bad faith

The fourth factor—willfulness or bad faith—weighs against dismissal. "Under this factor, the District Court must consider whether the conduct was 'the type of willful or contumacious behavior which was characterized as flagrant bad faith.'" *Briscoe*, 538 F.3d at 262 (quoting *Adams*, 29 F.3d at 875). Willfulness involves "intentional or self-serving behavior," rather than behavior that is "merely negligent or inadvertent." *Briscoe*, 538 F.3d at 262 (internal quotation marks omitted). "A lengthy delay reflects 'inexcusable negligent behavior,' but that behavior alone does not rise to the level of willfulness or bad faith." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 876).

Because Myers is unreachable, the Court is unable to ascertain the reasons for Myers' lack of communication. Although Myers has failed to communicate with his attorney and participate in the proceedings throughout this litigation, it is unclear from the record whether Myers' behavior was intentional or self-serving. As such, the fourth factor weighs against dismissal.

### 5. Effectiveness of sanctions other than dismissal

The fifth factor—effectiveness of sanctions other than dismissal—weighs in favor of dismissal. "Alternatives are particularly appropriate when the plaintiff has not personally

contributed to the delinquency," *Hildebrand*, 923 F.3d at 136 (quoting *Poulis*, 747 F.2d at 866). "Where an attorney has caused the delay and noncompliance in the proceedings . . . the district court is specifically authorized to impose on an attorney those expenses, including attorneys' fees, caused by unjustified failure to comply with discovery orders or pretrial orders." *Briscoe*, 538 F.3d at 262. By contrast, "[w]hen a Plaintiff fails to prosecute his action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." *Id.* (internal quotation marks omitted). This is because there is "no attorney upon whom the District Court could imposed the expenses for failing to comply with the court's orders." *Id.* at 263.

It is not an appropriate to sanction to impose expenses on Plaintiff's attorney because he is not responsible for the delays and noncompliance in this action. Levying monetary sanctions against Myers is also not an effective alternative. Because Plaintiff's counsel cannot reach Myers to proceed with this litigation, it is highly unlikely that Myers would be informed of, or comply with, any sanctions levied against him. There is no alternative sanction outside of dismissal that would be appropriate given Myers' personal responsibility for noncompliance and his complete lack of communication with Plaintiff's counsel and the Court. Therefore, the fifth factor weighs in favor of dismissal.

### 6. Meritoriousness of the claim or defense

The sixth factor—the meritoriousness of the claim or defense—weighs against dismissal. "A claim, or defense will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. Thus, to determine whether the claim is meritorious, the court applies the Rule 12(b)(6) motion to dismiss standard for failure to state a claim. *Briscoe*, 538 F.3d at 263.

Myers claims that Walmart violated the ADA and PHRA when it failed to provide a reasonable accommodation for his disability and terminated him because of his disability. To establish a prima facie case of discrimination, a plaintiff must show: (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination. *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998) (stating prima facie case under ADA); *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (explaining that an "analysis of an ADA claim applies equally to a PHRA claim"). "[F]or purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). "The complaint need only allege enough facts to 'raise a reasonable expectation that discovery will reveal evidence of [each] necessary element.'" *Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009)).

Myers has alleged sufficient facts for his discrimination claims to be deemed meritorious. Myers alleges that he has autism that interferes with major life functions and qualifies as a disability. He also alleges that he was qualified to perform the essential functions of the job with a reasonable accommodation—either the assistance of another individual during his shifts as a cart pusher or transfer to a position other than cart pusher. Furthermore, Myers alleges that Walmart refused to provide any reasonable accommodation, continued to force him to work alone as a cart pusher, and then terminated him due to his disability when he became frustrated and suffered another outburst caused by his autism. Because Myers has sufficiently alleged his disability claims, and Walmart has never moved to dismiss them under Rule 12(b)(6), Myers

claims are meritorious. Therefore, the sixth factor weighs against dismissal.

### B. Balancing the *Poulis* Factors

"[T]here is no 'magic formula' or 'mechanical calculation' in evaluating a Rule 41(b) motion to dismiss . . . ." *Hildebrand*, 923 F.3d at 137. "None of the *Poulis* factors is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Id.* at 132.

Here, four out of the six factors warrant dismissal. It is evident from balancing the *Poulis* factors that dismissal is appropriate in this case, even though Myers's claims may have merit and there is no evidence that Myers acted with willfulness or bad faith. Due to Myers' disappearance, discovery cannot move forward, and the case has reached an impasse. Because Myers has not communicated with Plaintiff's counsel or the Court, the only effective sanction is dismissal. Therefore, I will grant Walmart's motion to dismiss Myers' Complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

                                                        _s/ANITA B. BRODY, J.____
                                                        ANITA B. BRODY, J.

COPIES VIA